NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN FAGIN and JUDITH FAGIN, derivatively and on behalf of MERCK & CO., INC., : : : : Plaintiffs, : : v. : : RAYMOND V. GILMARTIN, et al., : : Defendants. : | Civil Action No. 03-2631 (SRC) **OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to remand (docket item # 42) filed by Plaintiffs Ellen Fagin and Judith Fagin. Defendants oppose the motion. The Court has considered the papers submitted by the parties. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Plaintiffs' motion will be granted and this action will be remanded to the Superior Court of New Jersey, Chancery Division, Hunterdon County.

I.   BACKGROUND

Plaintiffs, shareholders of Merck & Co., Inc. ("Merck"), brought this shareholder derivative action against directors and officers of Merck and Medco Health Solutions, Inc., which was at the relevant time a wholly owned subsidiary of Merck engaged in the business of

managing pharmacy benefits. Broadly stated, Plaintiffs' claims arise out of the overstatement of Merck's revenues by recognizing co-payments made by a customer to a pharmacy as revenue earned by Medco, even though the pharmacy retained the co-payment. The factual background of this action is comprehensively set forth in the Third Circuit's opinion on the shareholder Plaintiffs' appeal of this Court's order dismissing the action. That opinion is reported at 432 F.3d 276 (3d Cir. 2005).

Rather than repeat those facts, the Court will highlight the facts pertinent to the instant motion to remand. Plaintiffs filed this action in New Jersey state court in May 2003. The original Complaint pled three counts - unjust enrichment, breach of fiduciary duty and contribution and indemnification - predicated upon the allegedly improper recognition of pharmacy co-payments as company revenue and the related overstatement of revenue in various public documents, including, among others, filings made with the Securities and Exchange Commission ("SEC"). On or about June 2, 2003, Merck removed the case to federal court under 28 U.S.C. § 1441(a) and (b), asserting that this Court had subject matter jurisdiction because Plaintiffs' claims arose under the federal Securities Exchange Act, 15 U.S.C. § 78a, et seq. Plaintiffs promptly filed a motion to remand but then withdrew the motion and filed two amended Complaints.

The Second Amended Complaint, which is the operative pleading at this point in the litigation, asserts that this Court has jurisdiction based on Merck's removal of the original Complaint, thereby presumably incorporating the Notice of Removal's claim that this case presents a federal question under 28 U.S.C. § 1331. The Second Amended Complaint (which will hereinafter be referred to simply as the "Complaint") does not contain any additional

statement regarding jurisdiction. The Second Amended Complaint pleads the same unjust enrichment and breach of fiduciary duty causes of action as the original Complaint. It also adds allegations that Merck's directors breached their fiduciary duty by mismanaging Medco and thus permitting Medco to engage in improper pharmacy practices and other wrongdoing, conduct at issue in separate *qui tam* litigation against Merck and Medco. Plaintiffs asserted that demand on Merck's board would be futile as to claims stemming from the *qui tam* action and would be futile as to Medco's board with respect to both the revenue recognition claims and the *qui tam* claims. Defendants moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), and by Order of August 20, 2004, the Court granted Defendants' motion.

      Plaintiffs appealed the Court's decision. The Third Circuit Court of Appeals affirmed the dismissal of the action insofar as Plaintiffs' claims were based on the futility of demand on Merck's board for the *qui tam* claims and on Medco's board for both the revenue recognition and *qui tam* claims. As to the claims against Merck regarding Medco's revenue recognition policy, the Court of Appeals found that this Court had improperly based its analysis of the Merck board's rejection of Plaintiff's demand on information extraneous to the Complaint – specifically, a report prepared by the law firm of Schulte, Roth & Zabel, LLP, which was retained to conduct an independent investigation of the issues raised in the demand. The report, which Defendants had submitted in support of their motion to dismiss, contained information about the Merck board's own investigation and the Schulte, Roth & Zabel investigation. The Court of Appeals therefore remanded the action for consideration of the demand refusal issue on summary judgment.

On remand from the Court of Appeals, Plaintiffs filed the instant motion to remand the action to the Superior Court of New Jersey for lack of subject matter jurisdiction.

II.   **DISCUSSION**

   A.   **Standard of Review**

Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  The removing party thus bears the burden of proving that jurisdiction is proper in federal court.  Id.  Further, removal statutes are strictly construed, with all doubts to be resolved in favor of remand.  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

   B.   **Parties' Arguments**

Plaintiffs argue in this motion to remand that, because the related securities fraud class action has been dismissed, see In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261 (3d Cir. 2005) (affirming this Court's order dismissing the securities action), no claims over which this Court has original jurisdiction remain in the case, and therefore, because the case now concerns only state common law claims, the action should be remanded under 28 U.S.C. § 1367(c)(3).  The argument is completely incorrect.  The action now, and at the time it was removed by Defendants, involved only claims for breach of fiduciary duty, unjust enrichment and contibution and indemnification, all state common law claims.  The dismissal of the securities litigation has no bearing on the Court's jurisdiction over this derivative lawsuit.  Moreover, for federal jurisdiction to exist in the first instance, the Court must have original jurisdiction based on diversity, 28 U.S.C. § 1332, or on federal question, 28 U.S.C. § 1331.  The supplemental

4

jurisdiction statute, 28 U.S. C. § 1367, is not an independent source of the Court's jurisdiction, as Plaintiffs maintain. It is only in their reply brief that Plaintiffs raise arguments that address the question of jurisdiction under § 1331. The Court will discuss § 1331 below.

By way of response, Defendants maintain that this Court has original federal question jurisdiction over the case because, even though the Complaint pleads state law causes of action, those claims turn on a substantial federal issue and therefore "arise under" federal law. More specifically, Defendants argue that the Complaint states that the conduct that Plaintiffs claim constitutes breach of fiduciary duty and unjust enrichment involves acts violating federal securities laws. Defendants also contend that the Third Circuit has already resolved the issue of federal jurisdiction over this matter, and therefore the issue is moot and the motion to remand should be denied.

The Court finds Defendants' argument unpersuasive, and despite the erroneous position taken by Plaintiffs in their moving brief, grants the motion to remand. Based upon its own review of the Complaint, the Court finds that it does not have federal subject matter jurisdiction over this case. In short, Defendants have not met their burden, as the removing parties, of demonstrating that jurisdiction is proper in this Court.

    C.    <u>**Legal Analysis**</u>

The Court begins its analysis by noting that contrary to the position taken by Defendants, neither the remand of the demand refusal question by Third Circuit Court of Appeals nor its statement that "[t]he District Court had subject matter jurisdiction under 28 U.S.C. § 1331, as part of the claim involves the federal securities laws"[1] forecloses this Court from examining the

---

[1] 432 F.3d at 281.

question of jurisdiction at this point in the litigation. The Third Circuit's opinion did not analyze the jurisdictional basis and, apart from the quoted statement, said nothing more about the issue. It appears that neither party raised the issue on appeal, and the Third Circuit's statement merely repeats the jurisdictional grounds expressed by this Court in its opinion on the motion to dismiss. Thus, this Court does not interpret the Opinion remanding the action to this Court to have made any binding ruling with regard to jurisdiction. Moreover, now that the issue has been raised, the Court must consider it. "It is well-settled law that subject matter jurisdiction can be challenged at any point before final judgment, even if challenged for the first time on appeal." In re Kaiser Group Intern. Inc., 399 F.3d 558, 566 (3d Cir. 2005) (citing Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004)); see also Brown v. Philadelphia Housing Auth., 350 F.3d 338, 347 (3d Cir. 2003) (holding same). Parties cannot waive a lack of subject matter jurisdiction or confer it upon the Court by consent. Brown, 350 F.3d at 346. It is "an Art. III as well as a statutory requirement" and "it functions as a restriction on federal power." Id. at 346-47 (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).

     Defendants removed this case to federal court pursuant to 28 U.S.C. § 1441(b), which provides for removal of actions founded on claims "arising under" the laws of the United States, regardless of the citizenship of the parties. The parties have not pleaded or argued that diversity jurisdiction exists, and thus the Court will not consider that jurisdictional basis. Instead, jurisdiction here, according to Defendants, is predicated on the existence of a federal question. "The presence or absence of federal question is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded Complaint." Caterpillar Inc. v. Williams, 482 U.S.

386, 392 (1987).  Typically, federal question jurisdiction will lie only if the complaint pleads a federal cause of action.  Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986); Louisville & Nashville Railroad v. Mottley, 211 U.S. 149 (1918).  In other words, the well-pleaded complaint rule generally bars federal jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved.  Carrington v. RCA Global Communications, Inc., 762 F. Supp. 632, 636 (D.N.J. 1991).

Of course, the Complaint in this action asserts only state law causes of actions.  Defendants contend that the Court nevertheless has "arising under" jurisdiction on the grounds that a "substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23 (1983).  The Supreme Court has long-recognized this variety of federal "arising under" jurisdiction, in which the federal question is embedded in a state law claim.  Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005).  In Grable, the Supreme Court most recently articulated the standard for determining whether the presence of a federal issue in a purely state law claim may give rise to federal question jurisdiction under § 1331.  The Court held that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal law and state judicial responsibilities."  Id. at 315.

Defendants argue that the claims in this case involve substantial and disputed federal issues because the claims are based on factual allegations that Merck engaged in conduct that ran afoul of federal securities laws and regulations.  Specifically, Plaintiffs premise the unjust

7

enrichment count on the allegation that the bonus compensation and award of stock options to Merck executives were based on overstated revenues. (Compl., ¶¶ 45-47.) The Complaint states: "Merck and Medco have sustained damages as a result of defendants' conduct because Merck overcompensated certain of its senior executives based on falsely reported revenue figures, the correct reporting of which was the responsibility of the Executive Defendants." (Id., ¶ 45.) Relatedly, Plaintiffs aver in the Complaint that Defendants breached their fiduciary duty to Merck and its shareholders by engaging in mismanagement in failing to prevent the inclusion of co-payments as revenue and failing "to maintain a system of internal controls adequate to ensure the Company's compliance with the federal securities laws." (Id., ¶¶ 51, 53.) According to Defendants, the merits of Plaintiffs' state law claims necessarily require the Court to resolve whether the acts allegedly constituting unjust enrichment and/or breach of fiduciary duty violated federal securities laws.

In the Court's opinion, however, these factual predicates alleging that one component of the alleged wrongdoing was, in essence, making false filings with the SEC, do not transform the state claims into claims seeking redress for federal violations and do not raise a substantial and disputed question of federal law. The embedded federal issues in this case are not substantial because determining the merits of the claims does not depend on construction of federal law. Bauchelle v. AT&T Corp., 989 F.Supp. 636, 641 (D.N.J. 1997) (citing Franchise Tax Bd., 463 U.S. at 9). That a court may be called upon to evaluate the offending conduct in light of what federal securities laws and regulations require does not federalize the claims for unjust enrichment, breach of fiduciary duty and contribution and indemnification. The claims pled require the evaluation of duties that are at their core defined by state law. Predicating the alleged

violation of duties existing by virtue of state law on conduct which may involve federal securities violations does not bring the federal securities laws to the forefront of the action. Moreover, with regard to the division of labor component of the Grable test, this Court is of the opinion that entertaining the claims presented here would overreach the limits of jurisdiction conferred upon this Court and put the Court in the unacceptable - and unauthorized - position of passing on matters of state law, in a case in which diversity jurisdiction is not apparent.

The analysis of the Court in Stechler v. Sidley Austin Brown & Wood, LLP is directly on point. Stechler v. Sidley Austin Brown & Wood, LLP, No. 05-3485, 2006 WL 90916 (D.N.J. Jan. 13, 2006). In Stechler , the Hon. Harold A. Ackerman dealt with a motion to remand an action that had been removed on the basis that the claims, sounding in state law, depended on the construction of federal law. Id. at *2  The claims, which included breach of contract, breach of fiduciary duty and unjust enrichment, revolved around allegations that defendants had fraudulently induced plaintiffs to engage in a tax shelter. Id.  The defendants maintained that federal jurisdiction existed because plaintiffs' claims required "interpretation of federal tax law, i.e. whether the [tax shelter] Strategy violate[d] federal tax law." Id. at *5.  Applying the Grable test, the Stechler court held that Defendants had failed to demonstrate that the court had federal question jurisdiction. Finding that the claims did not raise a "disputed and substantial" federal issue, the Judge Ackerman reasoned as follows:

> In the Court's view, the central focus of the case is not the tax implications of the Strategy, but rather the honesty and reasonableness of defendants' conduct. Stated differently, the primary issue is not the meaning of federal tax law, but whether the representations made and advice given to the plaintiffs was fraudulent and/or negligent. As the complaint is structured, the proper interpretation of federal tax law is at most a relatively minor issue, not an actually disputed and substantial one.

Id. at *6.

Likewise, in this case, the commission of a federal securities violation is not an "essential element" of the state law causes of action pled in the Complaint. See Franchise Tax Bd., 463 U.S. at 13; Gully v. First Nat'l Bank In Meridian, 299 U.S. 109, 112 (1936). The focus of this case is not whether the alleged misconduct by Defendants rises to the level of a violation of federal securities laws. It may or may not, and in the Court's view, resolution of Plaintiffs' unjust enrichment and breach of fiduciary duty claims do not depend on the interpretation of federal securities law. See Gully, 299 U.S. at 112 ("The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another").

The focus of this action is, rather, whether by their actions Defendant executives have wrongfully compensated themselves in excess of what they were entitled to receive and whether Defendants' conduct violated a special duty of care owed by the executives to the company and its shareholders – a duty completely governed by state law. The unjust enrichment claim charges that the excessive compensation was based on overstated revenues. The core of the claim is the allegedly improper recognition of co-payments as revenue. Such matters of accounting practices

are not federal in nature, and the fact that Plaintiffs allege that the improper calculation of revenue was "falsely reported" to the SEC does not require an interpretation of federal law to pass on the merits of the unjust enrichment claim. The same analysis applies to the breach of fiduciary duty claim. Again, the claim is about mismanagement stemming from the inclusion of pharmacy co-payments in the company's reported revenue. Failure to comply with federal securities laws is alleged as one of many charged consequences of the Defendants' mismanagement. Whether federal securities laws were in fact violated is not a necessary element of determining whether Defendants' alleged mismanagement rose to the level of a breach of fiduciary duty.

   The variety of "arising under" jurisdiction that Defendants assert exists here has its limits. Indeed, the Supreme Court has cautioned that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813-14. The jurisprudence in this area has consistently held that, at a minimum, the question of federal law must be "substantial," meaning the federal question is a necessary element of the well-pleaded state claim. Franchise Tax Bd., 463 U.S. at 13; Grable, 545 U.S. at 313. Summarizing the development of this area of federal question jurisdiction, the Supreme Court stated that, in cases involving federal issues embedded in state law claims, "[w]e have not kept them out simply because they appeared in state raiment . . . but neither have we treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Grable, 545 U.S. at 314 (citation omitted). Defendants have failed to carry their burden of demonstrating that the Court may properly exercise subject matter jurisdiction over

this case on this "substantial federal question" basis.

Defendants cite a number of cases in support of their argument that this Court has "arising under" jurisdiction over this case, in particular relying on Wietschner v. Gilmartin, a derivative lawsuit by Merck shareholders based on the same alleged improper revenue recognition and involving similar state law claims at issue in the action at bar.  See Wietschner v. Gilmartin, No. 02-4879, 2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 13, 2003).  Unlike this Court, the Wietschner court reasoned that because the state law claims were based on allegations that the defendant directors failed to monitor the company's financial disclosures as required by federal law, the case raised a substantial federal question.  Id. at *7-9.  For the reasons discussed above, this Court respectfully disagrees with the analysis of the Wietschner court.  At the core of this case, the injuries of which Plaintiffs complain arise from Defendants' alleged breach of duties created and defined by state law. The fact that a court may have to look to federal law to evaluate whether Defendants' alleged misconduct violated their state law obligations does not, in this case, elevate the federal law aspect of the alleged misconduct into a substantial question of federal law.[2]

---

[2] The Court also rejects Defendants' argument that the Wietschner decision regarding subject matter jurisdiction has preclusive effect on these proceedings, simply because the real party plaintiff in interest both here and in Wietschner is Merck, from which the shareholders derive their claims.  See Cramer v. Gen. Tel. & Elec. Corp., 582 F.2d 259, 267 (3d Cir. 1978), cert. denied, 439 U.S. 1129 (1979).  Issue preclusion does not bar "relitigation" of the subject matter jurisdiction question in this case. Swineford v. Snyder County, 15 F.3d 1258, 1266 (3d Cir.1994).  The complaints in this case and in Wietschner, though both based on the improper recognition of co-payments as revenue, contain significant differences, which render issue preclusion wholly inapplicable.  The doctrine of issue preclusion was not comprehensively briefed by the parties, and the Court will not engage in a detailed analysis of the matter.  However, by way of example of the differences between actions, the Court notes that the

The Court concludes that Defendants' arguments cannot withstand Plaintiffs' motion to remand. This is, at bottom, a case about the reasonableness and adequacy of Defendants' conduct vis-a-vis state law, and Defendants have failed to demonstrate that this action "arises under" federal law for purposes of subject matter jurisdiction under 28 U.S.C. § 1331. Accordingly, Plaintiffs' motion to remand will be granted.

### IV. CONCLUSION

For the foregoing reasons, this Court grants Plaintiffs' motion to remand this action. An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

DATED: February 1, 2007

---

Wietschner complaint did not include an unjust enrichment count, but instead pled a claim for "misappropriation of confidential information for personal profit" based on insider trading allegations. Given substantial differences between the claims and facts alleged here and in Wietschner, the Court finds that the issue sought to be precluded - whether this Court has subject matter jurisdiction over the case at bar - is not the same as the subject matter jurisdiction question addressed by the Wietschner court. Burlington Northern Railroad Co. v. Hyundai Merchant Marine, 63 F.3d 1227, 1231 (3d Cir.1995) (discussing requirements for application of doctrine of issue preclusion).